FPI-LOM-10-78-30M 1693

---

**Wellington WILLIAMS, Plaintiff,**

v.

**PEPSI–COLA BOTTLING COMPANY OF ST. LOUIS, MISSOURI, and Local 67, Independent Brotherhood of Beverage Salesmen, Servicemen, Chauffeurs and Helpers Union, Defendants.**

No. 80–1183 C (1).

United States District Court, E. D. Missouri, E. D.

July 16, 1981.

Wellington Williams, pro se.

Ronald K. Fisher & Michael E. Kaemmerer, Chesterfield, Mo., Clyde E. Craig, Robert E. Keaney, St. Louis, Mo., for defendants.

**MEMORANDUM**

WANGELIN, Chief Judge.

This matter is before the Court upon each defendants' motion to dismiss, the motions

of defendant Pepsi-Cola Bottling Company of St. Louis, Missouri to strike plaintiff's jury demand, to strike plaintiff's prayer for actual and punitive damages, various other pre-trial motions and a review of plaintiff's compliance with this Court's Order of June 15, 1981.

Plaintiff was an employee of the Pepsi-Cola Bottling Company of St. Louis, Missouri and was terminated for excessive absenteeism, refusal to obey company directives, and for having threatened his superiors with bodily harm on occasion. His union, Local 67 of the Independent Brotherhood of Beverage Salesmen, Servicemen, Chauffeurs and Helpers, filed a grievance on his behalf. This grievance reached fruition with a decision by an arbitrator upholding Mr. Williams' discharge. Plaintiff later filed an allegedly untimely charge with the Equal Employment Opportunity Commission. Plaintiff was terminated on September 7, 1979 and filed the charge with the E.E.O.C. on June 1, 1980—beyond the two hundred and forty day (240) limit. Plaintiff then filed suit in the Eastern District of Missouri in the Court of the Honorable James H. Meredith and requested that counsel be appointed in his behalf. On or about July 15, 1980, Larry L. Deskins was appointed counsel for plaintiff and by August 1, 1980 Mr. Deskins had reviewed the facts, interviewed his client, researched the issues, interviewed a witness in the matter, and had come to the conclusion that the lawsuit was frivolous. As a result, Deskins requested that he be discharged as attorney for plaintiff. The Court allowed Mr. Deskins to withdraw, and implored the plaintiff to obtain the services of an attorney and file a proper complaint or be dismissed for failure to prosecute. After numerous letters to plaintiff warning him that dismissal of his suit would soon result, the Court eventually dismissed plaintiff's cause on September 16, 1980.

On September 15, 1980, three days after the deadline imposed by Judge Meredith upon plaintiff Williams to obtain counsel and file an amended complaint and one day prior to Judge Meredith's dismissal order, plaintiff filed this present action in this Court. Plaintiff Williams again requested appointment of counsel and such was denied based upon the fact that an attorney had already been provided to Mr. Williams and that such appointment resulted in a withdrawal by that attorney due to the frivolousness of this cause. In response to this Court's Order that the plaintiff file a proper complaint within the Federal Rules of Civil Procedure, plaintiff filed a complaint with the assistance of an attorney on February 12, 1981. Since that time, various motions seeking to dismiss plaintiff's complaint in toto, or to strike various portions of that complaint have been filed by the various defendants. After receiving five separate allowances for additional time to respond to these motions, plaintiff was ordered by this Court to retain counsel and respond to the motions of defendants prior to or on June 30, 1981 or his cause would be dismissed for failure to prosecute.

Since that time plaintiff has again renewed his motion for the appointment of an attorney and again submits a rambling factual account of the events which led to his dismissal. These materials cite no legal authority in support of plaintiff's position and wholly fail to comply with the most rudimentary pleading requirements contained in the Federal Rules. Further, defendants have asserted that under Rule 41 of the Federal Rules of Civil Procedure, this dismissal of his prior suit renders this claim barred by res judicata. Plaintiff has in no way brought forth facts, legal authorities or pleadings which would refute this contention.

In sum, plaintiff has failed to comply with this Court's Order of June 16, 1981, failed to prosecute this cause with any degree of diligence, and failed to adequately contest defendants' assertion that res judicata bars plaintiff's claim.